986 F.2d 1425
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff/Appellee,
v.
James C. DUNKEL, Defendant/Appellant.
 No. 92-1588.
 United States Court of Appeals, Seventh Circuit.
 Submitted Feb. 18, 1993.*
Decided March 2, 1993.
 
 Before BAUER, Chief Judge, and EASTERBROOK, and RIPPLE, Circuit Judges.
 
 ORDER
 
 1
 A five-count indictment charged James C. Dunkel with willful failure to file income tax returns for 1981 through 1983 in violation of 26 U.S.C. § 7203, and willful attempt to evade income tax in 1981 and 1983 in violation of 26 U.S.C. § 7201. A jury convicted the defendant on all counts on October 17, 1991. The district court denied the defendant's motion for a new trial and other post-trial motions, and sentenced the defendant to three years imprisonment on January 17, 1992.
 
 
 2
 Dunkel did not file a notice of appeal within ten days of the January 28, 1992, docketing of the judgment. Instead, the defendant filed a "Motion to Reconsider and Demand for an Out-of-Seventh-Circuit, 'Faraway' Judge" and a "Motion for an Out-of-Seventh-Circuit Judge" on February 14, 1992. The motions invoked Rules 33 and 35 of the Federal Rules of Criminal Procedure. The district court denied the defendant's post-sentencing motions on March 2, 1992. On March 10, 1992, Mr. Dunkel filed a notice of appeal from the final judgment and all pre-trial and post-trial motions. This court subsequently determined that Dunkel's appeal from the judgment of conviction and sentence was untimely and ordered that the appeal would proceed only as to the district court's March 2, 1992, order denying Dunkel's post-sentencing motions. Contrary to our order, Dunkel raised numerous issues in his brief that are beyond the scope of this appeal as defined in our May 21, 1992, order. The only issue Dunkel discusses that was raised in his post-sentence motion and that has been preserved for appeal is his claim that he is entitled to a new trial based upon newly discovered evidence of judicial bias.[1]
 
 
 3
 To obtain a new trial based on the ground of newly discovered evidence, a defendant must show that the evidence in question:
 
 
 4
 1) came to the defendant's knowledge only after trial; 2) could not have been discovered sooner through the exercise of due diligence; 3) is material, and not merely impeaching and cumulative; and 4) would probably lead to an acquittal in the event of a new trial.
 
 
 5
 United States v. Leibowitz, 857 F.2d 373, 380 (7th Cir.1988) (quoting United States v. Goodwin, 770 F.2d 631, 639 (7th Cir.1985)), cert. denied, 489 U.S. 1088 (1989). We will reverse the district court's decision to grant or deny a new trial under Rule 33 only if the district court abused its discretion. United States v. Kamel, 965 F.2d 484, 490 (7th Cir.1992); United States v. Mazzanti, 925 F.2d 1026, 1030 n. 5 (7th Cir.1991). Upon consideration of the parties' briefs and the record in this case, we find that the defendant did not satisfy any of the requirements for obtaining a new trial, and that the district court therefore did not abuse its discretion in denying the defendant's post-sentencing motions.
 
 
 6
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement having been filed, the appeal has been submitted on the briefs
 
 
 [1]
 To the extent that Dunkel's motion alleged that the "interest of justice" required a new trial in addition to his newly discovered evidence claim, it was barred by Rule 33's seven-day time limit for raising such an argument. Dunkel also claims on appeal that he was denied his right to due process and a fair trial based upon judicial bias. The only aspect of Dunkel's broad allegation of judicial bias properly raised in his new trial motion and preserved for appeal is his erroneous claim that his newly discovered evidence supported a claim of bias